UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

No. 22-40030-TSH

TIMOTHY MORSE, )
Petitioner )
v. )
)
Clerk, Clinton )
District Court, )
Respondent )

MEMORANDUM OF LAW IN SUPPORT OF
PETITIONER'S OPPOSITION TO THE RESPONDENT'S MOTION TO DISMISS

This memorandum is submitted in support of plaintiff's opposition to motion to dismiss his writ of writ of habeas corpus.

Procedural History and Facts

The petitioner pled guilty in the Clinton District Court to a sex offence charge. The day of his release from custody he was informed by probation to register with the police. Approximately a month later he was charged with the failure to register as a sex offender in Massachusetts. That violation was part of a probation violation hearing.

He has continually been required to comply with the registry law including notifying authorities 10 days in advance of any change in residential address or secondary address. Similarly, he has been required to notify the authorities of any change of employment. This has been all done in person.

He is additionally required to register in person each year. He must supply numerous details of his person life including cars driven, emergency contacts, and personal information. He must notify the Commonwealth if he intends to reside outside the Commonwealth two days prior to any such move. He has to be photographed (mug shots) and fingerprinted routinely as part of this process. Moreover, he has had to register if he has attended an educational institution.

Finally, he has to pay a yearly registration fee or be determined by authorities of the Commonwealth to be indigent.

Argument

**I. THE PETITIONER HAVING TO REGISTER IS IN CUSTODY FOR FEDERAL HABEAS CORPUS PURPOSES.**

The Third Circuit has held that sex offender registration satisfies the requirements of custody for habeas corpus review. Piasecki v. Court of Common Pleas, Bucks Cty., 917 F.3d 161 (3rd Cir. 2019). As yet the First Circuit has not ruled on this point of law. Applying the Piasecki holding to the case at bar the requirements of the petitioner having to register satisfies the custody requirement under the habeas corpus review statute.

**II. THE PETITIONER HAS BEEN IN CUSTODY BY VIRTUE IS OF HIS HAVING TO REGISTER AS A SEX OFFENDER FROM THE TIME OF HIS PLEA, HIS LIBERTY HAS BEEN RESTRICTED COMPREHENSIVELY, HE MUST PAY A FEE OR BE FOUND INDIGENT, AND ANY VIOLATIONS OF THESE MANDATES ARE PUNISHED IN A DRACONIAN CRIMINAL STATUTE WHERE THE SECOND OFFENSE CARRIES A FIVE YEAR MANDATORY STATE PRISON SENTENCE.**

Since the time of his plea the petitioner's liberty has been restricted to the point he remains in custody. This was not merely a collateral occurrence. Below examples of the course of this detailed action detailed in papers related to his conviction; further set forth in M.G.L. c 6, section 178C to 178Q; papers created under it authority; and the regulations of the sex offender registry board, 803 C.M.R. 1.00 et seq. are set forth. The papers themselves are included within the exhibit appendix to this memorandum.

When the petitioner was released from custody on the first part of his sentence, he was instructed to register with the local police department as a condition or part of his probation. See attached probation running notes exhibit 1.

When the petitioner moved from a location where he stayed for twenty-four-hours (he was trying to arrange things with his brother) and did not immediately re-register he was violated on his probation. See violation of probation notice exhibit 2.

He explained this during the hearing (there were other issues as well) and he was imprisoned. See transcript excerpt exhibit 3.

Over the course of the next 25 years 10 days prior to moving from any location or changing jobs he was to notify the local authorities in person. This included telling the police department where he was located and informing the police department where he was to go in person. He of course would then have to register at the new location. See instructions requiring in person notification exhibit 4.

He was to notify the police department of the cars he drove, his emergency contacts, his residential address. See registration form completed by the petitioner as exhibit 5.

He was routinely photographed and fingerprinted during this process. These papers were sent to the board. See attached example as exhibit 6 and N.B. instructions in corner of registration form exhibit 5, infra.

Moreover, if he attended college, as he did, he was to notify the authorities and the sex offender registry. An example of this type of filing is attached as exhibit 6.

Finally, the petitioner must pay a fee or be found indigent for this continual custody. See fee payment sheet attached as exhibit 7.

The penalties for violation of any of these violations no matter how minor carry on the first offense a jail term and a

second offense carries a **mandatory minimum** five year state prison sentence. M.G.L. c. 6 section 178H (Additional requirements of lifetime community parole most likely violates the separation of powers doctrine found to violate the state constitution in a proceeding related to sexually dangerous person proceedings. Commonwealth v. Cole, 468 Mass. 294 (2014).) As a consequence, absolute compliance is necessary. Compliance requires affirmative acts and is not merely a disqualification from a privilege.

The respondent's argument that the petitioner has not been in some form of custody since his plea is without merit. In essence what the Commonwealth has designed a form of lifetime custody for sex offenders enforced with excessive penalties for minor offenses but wants to call it otherwise.

**III. THE RESPONDENT IS ESTOPPED FROM ARGUING THAT THE PETITIONER IS NOT IN CUSTODY IN THAT IT FAILED TO ACT PROMPTLY ON THE PETITIONER'S FILINGS.**

The respondent failed to act on the petitioner's motion for a new trial for decades. He was in custody for a substantial portion of time. Therefore, they are estopped from arguing that he was not in custody because of their own actions. But for these actions he would have been in custody.

Conclusion

For all of the above reasons, the petitioner prays that the motion to dismiss be denied.

TIMOTHY MORSE,

Timothy Morse
38 Colby Avenue
Worcester, MA 01605
774-772-4310

Date: June 1, 2022