UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TIMOTHY MORSE, | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | NO. 22-40030-TSH |
| | ) | |
| MATTHEW DIVRIS, | ) | |
| Respondent. | ) | |

**MEMORANDUM OF DECISION AND ORDER**
**February 27, 2023**

**HILLMAN, S.D.J.**

**Background**

Timothy Morse ("Morse" or "Petitioner")[1] has filed a petition under 28 U.S.C. 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") alleging that his convictions for indecent assault and battery on a child under the age of fourteen, in violation of Mass.Gen.L. ch. 265, §13B, assault and battery, in violation of Mass.Gen.L. ch. 265, §13A, and violating a protective order, in violation of Mass.Gen.L. ch. 209A, §7 should be vacated because there existed an actual conflict between he and his counsel (Ground One); he received ineffective assistance of counsel (Ground Two); and his guilty plea was not knowing, voluntary and intelligent (Ground Three). The Respondent has filed a motion to dismiss for lack of jurisdiction and/or failure to state

---

[1] Petitioner is proceeding *pro se* and for that reason, his pleadings will be construed liberally. *See Ashmont v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

a claim (Docket No. 14) on the grounds that Petitioner was not in "custody" at the time he filed his Petition. For the reasons set forth below, that motion is *granted*.[2]

### Relevant Facts

On February 20, 1998, Morse pled guilty to indecent assault and battery on a child under the age of fourteen and was sentenced to two and a half-years' incarceration, six months to serve with the balance suspended for two years (until February 25, 2000). Additionally, Morse was sentenced to two years of supervised probation, which included an order that he have no contact with the victim or her family and was required to register as a sex offender under the Massachusetts sex offender registration statute. That same day, he also pled guilty to assault and battery, and violation of a protective order.[3,4]

On June 23, 1998, Morse was found to have violated his probation, specifically, the no contact order; his probation was revoked, and he was sentenced to a committed term of two and one-half years. Morse appealed the order of revocation, and while that appeal was pending, filed a motion to revise or revoke his sentence, which was denied (Morse filed an appeal of the denial of his motion to revise and revoke which he later withdrew). On December 18, 2000, the Massachusetts Appeals Court ("MAC") affirmed the revocation of his probation. *See generally Commonwealth v. Morse*, 50 Mass.App.Ct. 582, 740 N.E.2d 998 (2000). On March 26, 2001,

---

[2] Had this Court denied the motion to dismiss for lack of jurisdiction, Respondent reserved the right to assert that Morse's Petition is time-barred as not having been filed within the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. '2244(d)(1), *et seq.*(state prisoner must file his federal habeas petition within one year of the date on which his state conviction becomes final). The Court has assumed for purposes of this Memorandum of Decision and Order that the Petition was timely filed.

[3] The charges arose under three separate criminal complaints issued against Petitioner from November 7, 1997 through January 22, 1998. In return for Petitioner pleading guilty to the aforementioned three offenses, the Commonwealth dismissed multiple other criminal charges then pending against him, including, rape of a child, unnatural act with a child under sixteen, dissemination of obscene material to a child, intimidation of a witness, and two counts of threatening to commit a crime.

[4] Morse received one years' probation on both the assault and battery and violation of protective order convictions to be served concurrently with each other and the probationary term he received on the conviction for indecent assault on a child under fourteen.

Morse filed a second motion to revise or revoke his sentence, which was denied on February 26, 2002. On December 7, 2004, after a hearing before the Sex Offender Registry Board, Morse received notice of the final decision designating him as a level 2 sex offender; the notice informed him of his obligations as a level 2 sex offender, and his right to judicial review.

On May 17, 1999, while the appeal of the order revoking his probation was pending before the MAC, Morse filed a *pro se* motion to withdraw his guilty pleas, which was docketed in only one of the three cases against him. The docket reflects that the motion was not ruled on before the MAC issued its order denying Morse's appeal. No further action was taken by Morse, the Commonwealth, or the court until over a decade later. *Commonwealth v. Morse*, 20-P-336, 100 Mass.App.Ct. 1121 (unpublished), 2022 WL 175501, at *1 and n.4 (Jan. 20, 2022). On August 12, 2016, Morse, represented by counsel, amended the motion to add claims and evidentiary support. *Id.* On January 8, 2018, Morse's motion to withdraw his guilty pleas was denied by a judge of the Massachusetts Superior Court, after hearing. On March 6, 2018, Morse filed a notice of appeal, which was denied by the MAC on January 20, 2022. *Id.*   On March 17, 2022, the Massachusetts Supreme Judicial Court denied Morse's Application for Further Appellate Review.

On March 18, 2022, Morse filed the instant Petition. It is undisputed that he was not incarcerated at the time he filed the Petition, nor was he subject to probation, that is, he had fully served his sentence on the underlying convictions. However, in accordance with his sentence on the conviction for indecent assault and battery on a child under 14, at the time he filed his Petition, he was required to register as a level 2 sex offender.

3

**Discussion**

Respondent asserts that Morse's Petition must be dismissed because he was not in "custody" for purposes of the AEDPA at the time it was filed. Morse contends that as a result of his obligation to register as a sex offender, he was in "custody" at the time he filed his Petition. In the alternative, Morse asserts that Respondent is estopped from asserting that he was not "in custody" at the time of filing because the state court's failure to rule on his motion to vacate his guilty plea filed in May 1999 prevented from seeking federal habeas relief while he still incarcerated.

Whether Morse was in "Custody" when he filed his Petition

Pursuant to the AEDPA, a federal court may entertain a petitioner's writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Custody is determined from the date that a habeas petition is first filed." *Tinder v. Paula*, 725 F.2d 801, 803 (1st Cir. 1984). To satisfy the "custody" requirement, a petitioner need not be incarcerated or otherwise actually physical restrained at the time of filing, but he must "be subject to restraints not shared by the public generally," or "at the least there must be some type of continuing governmental supervision over the person." *Tinder*, 725 F.2d, at 803 (internal quotations and citations omitted). The custody requirement is jurisdictional. The question before the Court is whether Petitioner was "in custody" at the time of the filing of his Petition and continues to be "in custody" because as part of his sentence on the conviction for indecent assault and battery on a child under 14, he is required to register as a sex offender.

While the First Circuit Court of Appeals has not addressed whether a convicted felon's continuing obligation to register as a sex offender satisfies the "in custody" requirement, it has held that "a sentence that has been fully served does not satisfy the custody requirement of the habeas statute, despite the collateral consequences that generally attend a criminal conviction." *Tinder*, 725 F.2d at 803; *see also Alaska v. Wright*, 141 S. Ct. 1467, 1468 (2021)(reiterating that a habeas petitioner does not remain 'in custody' under a conviction after the sentence imposed for it has fully expired). Thus, the resolution of whether Morse was in custody at the time of the filing of his Petition depends on whether he can be deemed to have fully served his sentence given the continuing requirement that he register as a sex offender, which in turn, depends on whether the sex offender registration requirement is simply a "collateral consequence" of his sentence. If the latter, Morse was not in custody for habeas purposes at the time he filed his Petition and therefore, his Petition must be dismissed for lack of jurisdiction.

Of the Eight Circuit Courts of Appeal have addressed this issue[5], seven have held that being subject to compulsory sex offender registration does not constitute being "in custody" for habeas purposes. *See Clements v. Florida*, -- F.4th --. No. 21-12540, 2023 WL 1860620 (11th Cir. 2023)(persons subject to sex offender registration and reporting statutes are not "in custody" for federal habeas purposes); *Hautzenroeder v. Dewine*, 887 F.3d 737, 744 (6th Cir. 2018)(same); *Calhoun v. Att'y Gen. of Colo.*, 745 F.3d 1070, 1074 (10th Cir. 2014)(same); *Sullivan v. Stephens,* 582 F. App'x 375, 375 (5th Cir. 2014)(same; *per curiam*); *Wilson v. Flaherty*, 689 F.3d 332, 338 (4th Cir. 2012); *Virsnieks v. Smith*, 521 F.3d 707, 719-720 (7th Cir. 2008)(same);

---

[5] A determination of whether the "in custody" requirement has been met necessarily depends on the burdens imposed on the petitioner by the statutory/regulatory sex offender reporting and registration scheme adopted by the state where s/he was convicted. A number of these circuits have addressed the issue with respect to multiple states' sex offender reporting and registration schemes and have reached the same conclusion in each case. For a list of additional citations to those other cases and a more detailed discussion of the history and current state of the "in custody" requirement regarding sex offender reporting and registration requirements, *see generally Clements*, -- F.4th -- , 2023 WL 1860620.

*Williamson v. Gregoire*, 151 F.3d 1180, 1184-1185 (9th Cir. 1999)(same; affirmation and extending of ruling noted in *Munoz v. Smith*, 17 F.4th 1237 (9th Cir. 2021)). Only the Third Circuit, has ruled to the contrary. *See Piasecki v. Court of Common Pleas*, 917 F.3d 161 (3d Cir. 2019). In doing so, the Third Circuit analyzed Pennsylvania's sex offender registration and reporting requirements and found them to be onerous. Because of the burdensome conditions imposed by Pennsylvania's sex offender registration scheme, the court held that the petitioner, who was subject to its terms at the time he filed his petition, had satisfied the "in custody" requirement. *See Piasecki*, 917 F.3d at 164-65 (petitioner was required to: register as sex offender every three months for the rest of his life, take certain medication, abstain from using the internet, appear annually four times in person for the rest of his life, and update all his personal and identifying information in person).

The applicable Massachusetts statutory/regulatory scheme subjects Morse to much less restrictive requirements than that reviewed by the Third Circuit in *Piasecki*. They are comparable to those sexual offender statutory schemes that seven Circuit Courts of Appeal have held to be collateral consequences of a petitioner's conviction, which do not satisfy the AEDPA's "in custody" requirement. For example, Petitioner is required to register once per year (in person)[6], is not required to take any medications, and is allowed to use the internet. *See* Mass.Gen.L. ch. 6, §§ 178F, 178F½; *see also generally* Mass.Gen. L. ch. 6, §§ 178C-178Q. Additionally, the Third Circuit noted that Pennsylvania courts had held that the state's sex offender registration statute was "punitive, not remedial." *Piasecki,* 917 F.3d at 174-75. The Supreme Judicial Court of Massachusetts has held that the Massachusetts sex offender registration scheme is *regulatory* and

---

[6] Level 2 sex offenders who have been determined to be "sexually violent predators" or who are homeless are required to make more frequent in-person appearances to verify that their registration data on file remains true and accurate. *See* Mass.Gen.L. ch. 6, § 178F½. Morse is not subject to these additional reporting requirements.

not punitive. *See Doe, Sex Offender Registry Bd. No. 3839 v. Sex Offender Registry Bd.*, 472 Mass. 492, 496 n.4, 35 N.E.3d 710, 714 n.4 (2015).

Having reviewed the Massachusetts sex offender registration and reporting scheme and persuasive federal court precedent, I find that at the time he filed his Petition, Morse was not "in custody" for federal habeas purposes. Accordingly, this Court lacks jurisdiction over his Petition and it must be dismissed. *Accord see also* J*ohnson v. Ashe*, 421 F. Supp. 2d 339, 342 (D. Mass. 2006)(compulsory registration as sex offender is collateral consequence of conviction that does not meet "in custody" requirement; petitioner is not challenging requirement he register as sex offender, he is challenging the underlying conviction for which he has fully served his sentence).

<u>Whether Respondent is Estopped from asserting that Petitioner is not "In Custody"</u>

Petitioner's estoppel argument is vague and undeveloped-- it consists of four conclusory sentences without any legal analysis or citation to legal authority-- and for this reason is deemed waived. *See Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 260 (1st Cir.1999) ("district court is free to disregard arguments that are not adequately developed"). Although I have found the argument waived, reviewing his submissions liberally, it appears Morse is suggesting that because the state court failed to rule promptly on his motion to withdraw his guilty pleas that he filed pro se in May 1999 (which the Court will assume was a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b)), he was unable to file a federal habeas petition challenging the legality of his convictions while still in custody. He contends that due to the state court's inaction, Respondent should be estopped from asserting he was not "in custody" for federal habeas purposes at the time he filed his Petition.

Before addressing the merits of Morse's argument, the Court must first consider whether Morse can even raise his estoppel theory. As noted above, Morse has not cited to any case law in

support of his novel legal theory-- this is not surprising given that the "in custody" requirement is jurisdictional. Because Morse was not "in custody" at the time he filed his Petition, this Court lacks jurisdiction to address his claims on their merits. Respondent cannot waive the jurisdictional issue, nor can any action taken or not taken by the Commonwealth or any government agency act to confer such jurisdiction. *See Sexual Minorities Uganda v. Lively*, 899 F.3d 24, 34 (1st Cir. 2018)(federal subject-matter jurisdiction cannot be established through waiver or estoppel). Therefore, even had it been properly presented, Morse's estoppel argument fails.

Moreover, if the Court were to consider Morse's estoppel argument he would not be entitled to relief. Morse's conduct regarding his May 1999 motion to withdraw his guilty pleas belie his contention that the Commonwealth or the court bears any responsibility for his failure to file a federal habeas petition while "in custody." More specifically, despite having filed the motion himself (and therefore, obviously being aware it remained pending), he has not asserted by way of affidavit or other sworn pleading that he made any effort to pursue the motion while still incarcerated. Indeed, it was not until approximately seventeen years later (in 2016) that he pursued the motion with the state court. Thus, even if he could raise an estoppel argument, he could not prevail on this theory given that he sat on his hands, that is, he did not diligently pursue his rights. Accordingly, the Petition must be dismissed.

## Conclusion

Respondent's Motion To Dismiss (Docket No. 10) is ***granted***.

**Certificate of Appealability**

The statute governing appeals of final orders in habeas corpus proceedings provides that an appeal is not permitted "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a "substantial showing," a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000) (internal quotation marks omitted). This is a low bar; a claim can be considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail. *Miller-El v. Cockrell*, 537 U.S. 322, 338, 123 S.Ct. 1029 (2003). In ruling on an application for a certificate of appealability, a district court must indicate which specific issues satisfy the "substantial showing" standard. 28 U.S.C. § 2253(c)(3).

I deny a certificate of appealability with respect to all claims raised in Morse's Petition. I do so because Morse cannot make a substantial showing of the denial of a constitutional right as reasonable jurists cannot debate that this Court lacks jurisdiction over his claims, nor is the issue presented adequate to deserve encouragement to proceed further.

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
SENIOR U.S. DISTRICT JUDGE